**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMEN AMIRKHANYAN, aka Armen Amirkhanian; GAYANE MAGHAKYAN; YELENA AMIRKHANYAN, aka Yelena Amirkhanian, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-70679 <br><br> Agency Nos.  A075-758-453 <br> A097-854-240 <br> A078-635-759 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District
Judge.[**]

Armen Amirkhanyan, his wife Gayane Amirkhanyan, and their child Yelena

Amirkhanyan, all natives and citizens of Armenia, petition for review of the Board

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the discrepancies regarding Armen's hospitalization go to the heart of his claim, *see Li v. Ashcroft*, 378 F.3d 959, 962, 964 (9th Cir. 2004), and Armen failed to provide a sufficient explanation for the discrepancies, *see de Leon-Barrios v. INS*, 116 F.3d 391, 393-94 (9th Cir. 1997). Further, the IJ's finding that Armen's demeanor indicated he was not testifying with complete honesty is supported by specific and cogent non-credible aspects of his demeanor and is entitled to "special deference." *See Arulampalam v. Ashcroft*, 353 F.3d 679, 685-86 (9th Cir. 2003); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999).

In the absence of credible testimony, Armen failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2

Because Armen's CAT claim is based on the same testimony found to be not credible, and Armen does not point to any other evidence that shows it is more likely than not he would be tortured if returned to Armenia, his CAT claim fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**